Mr. Justice Thacher
delivered the opinion of the Court.
A judgment had been obtained by Shelby in the Circuit Court of Claiborne county against John W. Thompson, upon which execution issued, and was returned nulla bona. Subsequently an alias execution was issued, which was levied upon certain slaves. These slaves were claimed by Thomas W. Thompson and Benjamin Thompson, who gave a bond and duly made up an issue to try their right to the property. No further steps appear in the record to have been taken upon this issue. After this, the record shows that Shelby filed his affidavit, and obtained a writ of garnishment directed against Thomas W. and Benjamin Thompson, to answer as to their indebtedness, according to the statute, to John W. Thompson, the defendant in Shelby’s original execution. At the return term of the writ of garnishment, which was that of November, 1840, the garnishees came into Court and filed their answer. At this term of the Court, the cause was' continued without any order being taken in it. At the May term following, to wit, on the 4th day of June, 1841, the Court ordered the answer of the garnishees to be set aside for insufficiency, and a conditional judgment to be entered against them, as provided by statute, for want of an answer, and a scire facias to issue. In the mean time the record shows a further and amended answer of the garnishees, which appears to have been filed on the 5th day of June, 1841. At the return term of the scire facias, which was November, 1841, the gar *300 nishees on the 7th day of December, 1841, tendered an answer to this writ, which was adjudged by the Court insufficient^ and a judgment final was entered against them for the amount and costs of Shelby’s original execution. In a bill of exceptions, there is embraced an affidavit of the garnishees, which contains their statement that the conditional judgment in the case had been set aside upon their motion, and leave given them to file an amended answer ; but that the clerk of the Court had nevertheless entered the judgment nisi, and issued a scire facias thereon. That these were the facts in the case, does not otherwise appear in the record. The certification of the Court to the bill of exceptions, is a certification that such an affidavit was then and there made, but it is not a certification to the truth of the statements made in the affidavit. It is the testimony only of parties interested.
The answer tendered by the garnishees at the return term of the scire facias, was indeed their answer in amendment of the answer to the original writ of garnishment, but the record shows that it was offered as their final answer to the scire facias. This an'swer does not appear defective in form. In substance it confesses a former indebtedness to John W. Thompson in the sum of $114,000, which was secured by several promissory notes made by the garnishees in his favor, payable in various sums annually from 1840 to 1849. It adds, however, that the garnishees had received notices before the summons of garnishment was served on them, from holders of the seven first notes; that the same had been assigned to them by John W. Thompson; and also that they had received notice from John W. Thompson, before the service of the summons of garnishment, that he had likewise assigned the two remaining notes. It has been decided, both by this Court and in other States, that under such circumstances, a judgment of indebtedness cannot be entered against a garnishee. See Ante, p. 291, Yarborough v. Thompson; 7 Yerg. 45, Huff v. Mills. The answer, moreover, sets forth a series of circumstances and reasons upon which the garnishees claim that there exists a total failure of consideration for the sums remaining due upon the notes at the time of the service of the summons of garnishment. We think the answer was improperly pronounced insufficient.
*301 The judgment of the Court below is therefore reversed, and the cause remanded, with directions — if the plaintiff in the original execution does not see fit to suggest that the garnishees have answered falsely, and thus present an issue for a jury, as allowed by the statute — to discharge the said garnishees upon their answer.